# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Jason@levinepstein.com

April 1, 2025

***Via Electronic Filing***
The Hon. Analisa Torres, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

                             *Re*:     *Essa v. East Side Pizza Corp. et al*
                                    Case No.: 24-cv-05080

Dear Honorable Judge Torres:

       This law firm represents Plaintiff Tamer Essa (the "Plaintiff") in the above-referenced matter. This letter respectfully serves to alter the Court of the inconsistencies contained in Michael K. Chong, Esq.'s ("Attorney Chong") March 27, 2025 motion to withdraw as counsel for Defendants East Side Pizza Corp., 1580 Food Corp., and Hesham Attia (collectively, the "Appearing Defendants") [Dckt. No. 34] (the "Motion to Withdraw").

       According to the March 27, 2025, affidavit of Attorney Chong, sworn under penalty of perjury [Dckt. No. 34-1] (the "Chong Aff."), the basis for Attorney Chong's withdrawal from this action is the purported breakdown of the attorney-client communications with the Appearing Defendants. Specifically, according to the Chong Aff.

> "I have made multiple attempts to contact Defendants to provide me with the information and other documents concerning this matter, and to discuss the potential for settlement to no avail.
>
> Without disclosing privileged attorney client communications, Defendants have not been responsive to my requests for information and documents, and answers to my numerous questions concerning the potential for settlement."

[*See* Chong Aff. at ¶¶ 5, 6].

       Respectfully, the Court should be aware that Attorney Chong is misrepresenting critical facts concerning the nature of his attorney-client relationship.

       On Thursday, March 20, 2025, the parties jointly met-and-conferred, to propose their trial readiness, and subsequently filed a joint letter motion advising the Court as to their availability for trial. [*See* Dckt. No. 32].

       The following day, on Friday, March 21, 2025 on or around 1:08 p.m., the undersigned received an unsolicited phone call from Attorney Chong, who proposed a firm settlement offer, on behalf of the Appearing Defendants. Between March 21, 2025, and the filing of the Motion to Withdraw, Attorney Chong and the undersigned exchanged no less than ***sixteen (16) emails***, to

discuss the parameters of a global resolution of the instant action. The parties even conducted a follow-up meet-and-conferral phone call on March 26, 2025 to discuss settlement.

During the March 26, 2025 phone call, Attorney Chong threatened the undersigned that he would be withdrawing from the action, if the undersigned did not accept his clients' settlement offer. Attorney Chong subsequently filed the Motion to Withdraw, on March 27, 2025.

### I.     Legal Standard

LCR 1.4 provides as follows:

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (hereinafter, the "NYRPC"), "govern[ ] the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *See In re Wiener*, 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. 2019); *see also SEC v. Gibraltar Global Securities*, 2015 WL 2258173 at *2 (S.D.N.Y. 2015); *In re Bruno*, 327 B.R. 104, 108 (Bankr. E.D.N.Y. 2005) ("Bankruptcy courts in New York apply New York's Code of Professional Responsibility to ethical disputes.") (*citing Kittay v. Kornstein*, 230 F.3d 531, 537 (2d Cir. 2000)).

The NYPRC also allow a lawyer to "withdraw from representing a client when… the client…renders it unreasonably difficult for the lawyer to carry out employment effectively." NYRPC Rule 1.16(c)(7); *see Farmer v. Hyde Your Eyes Optical, Inc*., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (*citing United States v. Lawrence Aviation Indus*., 2011 WL 601415, at *1 (E.D.N.Y. 2011)) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.").

### II.     Analysis

#### A. Attorney Chong Clearly Still Has an Active Line of Communication with the Appearing Defendants

Given the volume, substance, and frequence of Attorney Chong's communications with the Court, and the undersigned, less than one (1) week prior to the filing of the Motion to Withdraw, it is clear that he still has an active line of communication with the Appearing Defendants. Attorney Chong called the undersigned, unsolicited, on Friday, March 21, 2025 on. Between March 21, 2025, and the filing of the Motion to Withdraw, Attorney Chong and the undersigned exchanged no less than **sixteen (16) emails**, to discuss the parameters of a global

2

resolution of the instant action. Attorney Chong even conducted a follow-up meet-and-conferral phone call on March 26, 2025 to discuss settlement.

It is well established that misrepresentations include not only literally false statements, but also any "'representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter.'" *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016) (internal quotations and citation omitted). The law is not "catch me if you can," and a party cannot "submit anything [it] want[s]" and leave it "up to us then to find that out." *See* Trans. of Sept. 5, 2017 and Sept. 11, 2017, *Omega v. 375 Canal*, 12 Civ. 6979 (S.D.N.Y. 2017), at 8:9-14.

Thus, the Court should be respectfully aware that Attorney Chong is seeking to weaponize his withdrawal from the case, on the eve of trial, to gain a strategic advantage.

In light of the foregoing, it is respectfully requested that the Court enter an order, requiring Attorney Chong, ***and*** a principal decision maker on behalf of the Appearing Defendants, to appear at the in-person conference scheduled for Wednesday, April 2, 2025 at 10:00 a.m., to correct the misrepresentations contained in the Motion to Withdraw.

Thank you, in advance, for your time and attention to this matter.

              Respectfully submitted,

              LEVIN-EPSTEIN & ASSOCIATES, P.C.

              By: */s/ Jason Mizrahi*
                 Jason Mizrahi, Esq.
                 60 East 42nd Street, Suite 4700
                 New York, New York 10165
                 Tel. No.:  (212) 792-0048
                 Email: Jason@levinepstein.com
                 *Attorneys for Plaintiff*

VIA ECF: All Counsel